GRIEVANCE COMMITTEE OF FAIRFIELD
COUNTY BAR
*vs.*
JOSEPH A. GRAY

Superior Court        Fairfield County        File No. 58955

MEMORANDUM FILED JUNE 18, 1940.

*Lorin W. Willis,* of Bridgeport, for the Grievance Committee.

*Joseph Gray,* of South Norwalk, *pro se.*

BOOTH, J.  The presentment in the above entitled matter is in three counts.

The first count sets up a transaction occurring in May, 1930, in which one Mrs. Bajusz withdrew some $3,000 from her bank accounts and gave a note for $410 for the purpose of investing these sums in a mortgage to be secured from one William Wellnitz, who had been brought to her by the defendant.  The money and note were delivered to Wellnitz, who neglected thereafter to provide Mrs. Bajusz with a mortgage until, under pressure by the defendant, there was assigned to her a mortgage and note for $3,700 on Florida property.  This mortgage was of little or no value.  Mrs. Bajusz has not recovered the amount of her investment, although the defendant has offered some evidence that a vigorous prosecution of her claim might well have brought about a recovery.  There has been no evidence and no claim that the defendant profited from the investment by Mrs. Bajusz, nor that his conduct was dishonest or corrupt.  The most that may be said for it is that it might be held to be negligent on his part and does not, in the opinion of the court and in view of all of the circumstances, call for the discipline of the defendant.

The second count concerns itself with three pleadings filed by the defendant in the courts of Fairfield County claimed to be scurrilous and to impute misconduct to members of the bench and bar without the slightest justification.  It might well be that baseless and malicious charges made under the protection of the privilege of pleading could show moral character-istics justifying disciplinary action.  On the other hand, it is of great importance that this privilege be not lightly curtailed. The evidence of its abuse should be clear.  The grievance com-mittee has not undertaken to offer evidence further than the

fact of the filing of the pleadings alleged. Under these circumstances, the court cannot find that the grievance committee has sustained the second count of the presentment.

The third count charges the sending of three letters to members of the bench and bar of Fairfield County, likewise alleged to be scurrilous in content. An examination of them indicates that they are, to say the least, unwise and certainly not courteous. Here also the grievance committee, as under the second count, has gone no further than to bring them physically before the court. Consequently, as to this count the court cannot find that the presentment has been sustained.

For the forgoing reasons, the court is unable to find from the evidence as presented that the defendant by reason of his past conduct in so far as it bears upon his qualities of character and uprightness is an unfit person to be longer allowed to exercise the functions of an attorney and to act as an officer of the court in the administration of justice.

The presentment is, therefore, dismissed.